UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH ALLEN,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>JEFF NELSON, et al.,<br><br>　　　　　　　　　Defendants. | No.  2:21-cv-1097-BJR<br><br>ORDER ON DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS |

This matter comes before the Court on Defendants' Motion for Stay of Proceedings.  Dkt. No. 14.  Having reviewed the materials submitted by the parties and the balance of the record in this case, the Court DENIES the motion.  The reasons for the Court's decision are set forth below.

**I.     Background**

Plaintiff Joseph Allen filed this action on August 16, 2021, against Defendants Jeff Nelson, the City of Auburn, and the Auburn Police Department.  Plaintiff's claims arise from his arrest on August 23, 2018, by Defendant Nelson, who was an officer of the City of Auburn Police Department.

Plaintiff's complaint raises federal claims against all defendants for excessive force and unlawful seizure, as well as state-law claims for outrage, negligence, and violation of the Washington Law Against Discrimination, RCW 49.60.  Plaintiff has also brought *Monell* claims

ORDER - 1

against the City of Auburn for violation of his constitutional rights, alleging that the City violated its duty to use reasonable care in hiring, training, and supervising its employees and agents. This case is currently scheduled for trial on January 9, 2023, with a discovery deadline of July 13, 2022.

Plaintiff's complaint includes allegations that Defendant Nelson "has shot and killed three people during his tenure as an Auburn Police Officer" and that Defendant Nelson "is currently charged with Murder in the second degree for the killing of Jesse Sarey." Dkt. No. 1 at 4. Defendants indicate that Defendant Nelson's criminal trial in *State v. Nelson* is scheduled for June 27, 2022, in King County Superior Court. Defendants also indicate that it is possible that Defendant Nelson could face criminal charges for another deadly force incident (referred to by Defendants as the "Obet incident") in which Defendant Nelson shot a man in 2017.

Defendant Nelson has moved to stay all proceedings in this matter until his "criminal prosecution has finally concluded." Dkt. No. 14 at 3; *see also* Dkt. No. 14-1 at 2 (proposing that the Court order that "[n]o further action shall occur in this matter until Defendant Nelson's criminal matter is fully and finally resolved."). In the alternative, Defendant Nelson requests "a stay limited to discovery propounded to him or a similar protective order." Dkt. No. 14 at 13. The City of Auburn joins in Defendant Nelson's motion.

## II. Discussion

**A. Request to Stay Case in Its Entirety**

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). However, a court has discretion to stay civil proceedings when the interests of justice so require. *Id.* "The decision whether to stay civil proceedings in the face of a parallel criminal

ORDER - 2

proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Id.* (quoting *Fed'l Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).

To determine whether to stay a civil proceeding in light of a pending criminal proceeding, the Ninth Circuit has held that the trial court should consider: (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the interest of the plaintiff in proceeding expeditiously with the civil litigation or any particular aspect of it, and the potential prejudice to plaintiff of a delay; (3) the burden which any particular aspect of the proceedings may impose on the defendant; (4) the convenience of the court in managing its cases and the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; and (6) the interest of the public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 324. The Court considers these factors in turn below.

**1. Extent to Which Defendants' Fifth Amendment Rights are Implicated**

Defendants argue that Defendant Nelson's Fifth Amendment right against self-incrimination is directly implicated in this case. Defendants argue that Plaintiff has alleged that the deadly force incident at issue in *State v. Nelson* is relevant to his *Monell* claims. Defendants also maintain that the prosecution in *State v. Nelson* will attempt to introduce evidence regarding Defendant Nelson's use of force during Plaintiff's arrest, and that as a result Defendant Nelson cannot respond to discovery or testify in this matter without implicating his Fifth Amendment rights in the criminal proceeding. Defendants also maintain that "many questions concerning training and police policy are at issue in both cases." Dkt. No. 14 at 5. In addition, Defendants argue that Plaintiff is likely to seek discovery responses from Defendant Nelson regarding the

ORDER - 3

2017 Obet deadly force incident, which raises Fifth Amendment implications because Defendant Nelson could still be subject to criminal charges related to that incident.

In response, Plaintiff points out that Defendant Nelson is not the only defendant in this case. Plaintiff notes that the City of Auburn and the Auburn Police Department are also defendants in this action and do not have any Fifth Amendment rights that are implicated here. Plaintiff also argues that this civil case and *State v. Nelson* are "not significantly overlapping" and notes that Defendant Nelson "is not going on trial for the acts he committed against the Plaintiff here." Dkt. No. 21 at 2.

It is not clear to the Court how substantially the issues in this case may or may not ultimately overlap with the issues in *State v. Nelson*. The criminal case involves charges arising from an entirely different incident than this civil case, and it is unclear to the Court that the prosecution in *State v. Nelson* would be permitted to offer evidence regarding Defendant Nelson's conduct toward Plaintiff. In any event, as Plaintiff notes, Defendant Nelson is not the only defendant in this case, and Defendants City of Auburn and Auburn Police Department do not have Fifth Amendment rights to assert in this matter. As a result, the Court finds that this factor does not weigh in favor of staying this case in its entirety pending the resolution of criminal proceedings against Defendant Nelson. Any possible implications of Defendant Nelson's Fifth Amendment rights in this matter do not warrant bringing the entire case to a halt pending the final resolution of Defendant Nelson's criminal case.

2.  **Plaintiff's Interests**

The Court next considers Plaintiff's interests in proceeding expeditiously with the civil litigation or any particular aspect of it, and the potential prejudice to Plaintiff resulting from a delay. Here, Plaintiff has a strong interest in proceeding expeditiously with his case. Plaintiff's

ORDER - 4

counsel has represented that Plaintiff has stage five kidney disease. Plaintiff also has a financial interest in providing for his family members through a potential recovery of damages in this case. The Court finds that this factor weighs against staying this case in its entirety.

### 3. Burden on Defendants

This factor requires the Court to consider the burden which any particular aspect of the proceedings may impose on Defendants. "Courts have found that even when a defendant's Fifth Amendment rights are implicated, this factor does not support granting a stay unless the defendant can show other 'compelling factors as described in *Keating*.'" *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014)

Aside from the potential implication of his Fifth Amendment rights, Defendant Nelson does not identify additional burdens that he may face if this case is not stayed. The City of Auburn asserts that "it will be unable to properly defend against the *Monell* claim (and all claims that create vicarious liability) without Nelson's testimony." Dkt. No. 14 at 2. However, the extent to which Defendant Nelson's testimony in this matter would require invoking the Fifth Amendment is not clear, given that the criminal charges he faces in *State v. Nelson* do not arise from his arrest of Plaintiff. The Court finds that this concern does not weigh in favor of staying this matter in its entirety.

### 4. Judicial Efficiency

The Court next considers the convenience of the Court in managing its cases and the efficient use of judicial resources. "Courts have recognized that this . . . factor normally does not favor granting a stay." *ESG Capital Partners*, 22 F. Supp. 3d at 1042.

Defendants suggest that judicial efficiency would be served by a stay because resolution of *State v. Nelson* would "relieve the Court of having to decide numerous Fifth Amendment

ORDER - 5

issues" and could possibly streamline discovery in this case. Dkt. No. 14 at 11-12. However, there is no certainty that the Fifth Amendment issues in this case will be resolved when the criminal trial in *State v. Nelson* is completed, given that: (1) Defendant Nelson could pursue an appeal if he is convicted in the criminal proceeding; and (2) it is unclear whether Defendant Nelson may face criminal charges for the 2017 Obet deadly force incident. Should either of these possibilities occur, Fifth Amendment issues would still need to be addressed.

**5. Interests of Persons Not Parties to the Civil Litigation**

Both sides agree that this factor is not implicated in this case.

**6. Public Interest**

Finally, the Court considers the interest of the public in the pending civil and criminal litigation. Courts have noted that "[t]he public has an interest in relatively speedy resolution of civil matters." *Apothio, LLC v. Kern County*, No. 1:20-cv-00522, 2021 WL 75243, at *6 (C.D. Cal. Jan. 8, 2021). Plaintiff also argues that there is "no question that the public has an interest in public safety, police accountability and the training provided to the police." Dkt. No. 18 at 6.

Under the circumstances here, the Court finds that the public interest does not favor staying this case in its entirety. The public has a strong interest in the issues presented in this case. Furthermore, staying this case in its entirety until Defendant Nelson's criminal case is fully and finally resolved would not serve the public's interest in relatively speedy resolutions of civil cases, particularly because such a stay could potentially delay this case well beyond the June 2022 trial in *State v. Nelson*.

**7. Summary**

In light of its consideration of the factors above, the Court finds that a stay of this matter in its entirety is not warranted.

ORDER - 6

## B. Alternative Request for Protective Order

In the alternative, Defendant Nelson requests a stay of discovery from him alone. In effect, a request to stay discovery from a party is a motion for a protective order under Federal Rule of Civil Procedure 26(c). *See, e.g.*, *Grand Canyon Skywalk Development LLC v. Steele*, No. 2-13-cv-00596, 2014 WL 60216, at *3 (D. Nev. Jan. 7, 2014) (noting "[a] motion to stay discovery is governed by Rule 26(c) of the Federal Rules of Civil Procedure").

Local Civil Rule 26(c) provides that "[a]ny motion for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action," along with other requirements.[1] Here, Defendants have not included such a certification in their motion or the accompanying declarations.

Because it appears that Defendants have not satisfied the meet and confer requirements of Local Civil Rule 26(c), the Court will deny Defendants' request for a protective order at this time. The Court notes that Plaintiff has indicated in his surreply to Defendants' motion that he is "open to [the] possibility of a protective order in relation to all Defendants' answers." Dkt. No. 21 at 3. The parties should meet and confer promptly in a manner consistent with Local Civil Rule 26(c) to determine if they can reach an agreement on a protective order before seeking further involvement of the Court on this issue.

---

[1] The parties are also reminded that the Court's Standing Order for All Civil Cases includes meet and confer requirements prior to filing most types of motions. *See* Dkt. No. 6 at 3.

ORDER - 7

### III. Conclusion

For the foregoing reasons, Defendants' Motion for Stay of Proceedings (Dkt. No. 14) is DENIED.

Dated:  March 8, 2022

*Barbara J. Rothstein*
_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 8